UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENTA HAWKINS,

       Plaintiff,                   Case No. 15-cv-10172
                                                   Hon. Mark A. Goldsmith

vs.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

       Defendant.
_____/

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 24) AND
DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL DISCOVERY (Dkt. 32)**

This is a status-based discrimination and retaliation case, brought under Title VII of the Civil Rights Act of 1964. Plaintiff Kenta Hawkins claims that her employer, the Michigan Department of Corrections ("MDOC"), failed to promote her and took other unfavorable action toward her due to her race and gender. Hawkins also claims that, after she complained about this alleged discrimination, MDOC further denied her promotions and subjected her to other unfavorable treatment in retaliation for her complaints.

Following discovery, MDOC filed a motion for summary judgment, raising a number of defenses. One defense, in particular, is both meritorious and simple: Hawkins' claim is barred by judicial estoppel due to her failure to identify this lawsuit in her bankruptcy petition. MDOC is correct, and its motion for summary judgment is granted.

**I. BACKGROUND**

Kenta Hawkins — an African American female — was employed by Defendant MDOC as a Corrections Officer in 2002, worked as an MDOC Sergeant since 2004, and has been

1

assigned to the Women's Huron Valley Correctional Facility ("WHV") since 2012. From 2012 to the present, Hawkins has applied for numerous Lieutenant or Shift Commander positions within MDOC. Compl. ¶ 11 (Dkt. 1). Hawkins has experience in these positions, albeit in a temporary capacity. Id. ¶ 10. Nevertheless, "most, if not all," of these positions went to Caucasians, and most went to males. Id. ¶ 12.

On June 30, 2014, Hawkins filed a charge with the EEOC by way of a handwritten EEOC intake questionnaire (Dkt. 26-2). The formal EEOC charge (Dkt. 26-3) was also dated June 30, 2014, and was drafted by an EEOC employee as a summary of the claimant's questionnaire. Pl. Resp. at 1 (Dkt. 26). Subsequently, the EEOC closed its file on Hawkins' charge and issued a Dismissal and Notice of Rights to Hawkins on November 18, 2014. Compl. at 8 (cm/ecf page).

On January 15, 2015, Hawkins filed this suit under Title VII of the Civil Rights Act of 1964, alleging that she was discriminated against, harassed, and refused promotions (i) due to her race; (ii) due to her sex; (iii) in retaliation for filing a grievance regarding a November 2013 "counseling memorandum"; and (iv) in retaliation for her March 2014 discrimination complaint. Id. ¶ 34.

Thereafter, Hawkins filed a voluntary petition for bankruptcy under Chapter 13, which was dated May 26, 2015. See Ex. 43 to Def. Mot. (Dkt. 24-44). She did not disclose this lawsuit as an asset. MDOC filed its motion for summary judgment on December 29, 2015 (Dkt. 24). Hawkins has since voluntarily dismissed the bankruptcy petition, but did not move to do so until after MDOC's motion for summary judgment was filed.

## II. DISCUSSION

**A. Judicial Estoppel**

2

Here, Hawkins received her EEOC notice of right to sue on November 18, 2014, and filed her complaint on January 15, 2015. Months later, on May 26, 2015, Hawkins filed a voluntary petition for bankruptcy under Chapter 13. See generally Ex. 43 to Def. Mot. In her summary of schedules, Hawkins denied the existence of any unliquidated claim and denied being party to any lawsuit in the preceding year. See Ex. 44 to Def. Mot. at 7, 26 (cm/ecf page) (Dkt. 24-45). A payment order entered on June 10, 2015, and the bankruptcy judge confirmed the bankruptcy plan on August 27, 2015. In re Hawkins, 2015-48158 (E.D. Mich. 2015) [Dkts. 17, 28]. Hawkins moved to voluntarily dismiss her bankruptcy claim on February 2, 2016 — after MDOC filed its December 29, 2015 motion, which pointed out the errors in her bankruptcy petition. Id. [Dkt. 44]. Thereafter, Judge Walter Shapero entered an order dismissing the bankruptcy [Dkt. 45].

In the bankruptcy context, "judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002). "[J]udicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence." Id. at 776. To determine whether a plaintiff's conduct resulted from mistake or inadvertence, courts consider whether: (i) she lacked knowledge of the factual basis of the undisclosed claims; (ii) she had a motive for concealment; and (iii) the evidence indicates an absence of bad faith. White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 478 (6th Cir. 2010).

The first two elements are easily met here. Hawkins possessed knowledge of the factual basis of the claims; as alleged by her complaint, she was consciously aggrieved by the alleged Title VII violations well before she filed for bankruptcy. This satisfies the first element.

3

Similarly, Hawkins had a motive for concealment, because "if the harassment claim became a part of her bankruptcy estate, then the proceeds from it could go towards paying [her] creditors, rather than simply to paying [her]." Id. at 479. With these two elements met, it is the third element — whether Hawkins can show an absence of bad faith — that will dictate whether judicial estoppel bars her claim. Two Sixth Circuit cases, in particular, guide this fact-intensive inquiry, and, together, they make it clear that Hawkins has failed to show an absence of bad faith.

In White, the plaintiff failed to list her harassment claim on her Chapter 13 bankruptcy petition. Id. at 474-475. After the defendants filed a motion to dismiss raising the issue of judicial estoppel, the plaintiff filed an amendment to her bankruptcy petition that listed the lawsuit, but did not disclose its amount. Id. at 475. The plaintiff had filed an "application to employ counsel" with the bankruptcy court for her harassment claim, but the application did not reflect the facts of the suit, whether she was a plaintiff or defendant, or the amount of the lawsuit. Id. Following the defendants' motion to dismiss, the plaintiff's attorney filed an affidavit stating that (i) the plaintiff told him about the lawsuit; (ii) he told the bankruptcy court about the lawsuit; and (iii) he did not know why the lawsuit was not listed as an asset. Id.

The Sixth Circuit held that the White plaintiff failed to show an absence of bad faith. It gave little weight to the attorney's affidavit because it contained "no evidence as to what, exactly was discussed [before the bankruptcy court], whom it was discussed with, or whether the omission from the initial filings was discussed or emphasized." Id. at 480. The application to employ counsel was similarly given little weight, because it contained so little information regarding the lawsuit that it "did not appear to trigger any request for additional information from the bankruptcy court or the trustee." Id. at 481. And the post-motion to dismiss

4

amendment was "not consider[ed] favorably" because "[t]o do so would encourage gamesmanship." Id. Accordingly, the Sixth Circuit held that the White plaintiff failed to carry her burden to show an absence of bad faith or that her omission resulted from mistake or inadvertence.[1]

Based on distinguishable facts, the Sixth Circuit reached the opposite result in Stephenson v. Malloy, 700 F.3d 265 (6th Cir. 2012). That plaintiff sought Chapter 7 bankruptcy protection, and among his assets was a negligence suit arising out of an auto accident, brought against the other motorist. Id. at 267. The plaintiff did list a suit against the insurer arising out of the same accident, but neglected to list the suit against the individual. Id. In a supplemental response to a motion for summary judgment filed by the defendants, plaintiff produced copious, detailed documentation, including an affidavit from the bankruptcy trustee, as well as corroborating letters and emails, proving that the bankruptcy trustee had been told about the plaintiff's lawsuit well before the defendants' motion for summary judgment had been filed. Id. at 269-270.

In light of these pre-motion attempts to correct the record, the Stephenson court distinguished that case from White. The Stephenson plaintiff "presented substantial evidence . . . that the bankruptcy trustee was told of this lawsuit long before [the] [d]efendants sought summary judgment on judicial estoppel grounds." Id. at 274. Therefore, "the affidavits and correspondence clearly establish[ed] an issue of material fact with respect to whether [the plaintiff]'s omission was in bad faith," and judicial estoppel was not appropriate. Id.

---

[1] The White court deemed it relevant that the plaintiff included another suit in her list of assets, which showed an awareness of that section of the bankruptcy petition. Id. at 482. It was also deemed relevant that the plaintiff "waited until just after the plan confirmation hearing to file her harassment claim with the district court." Id. These facts were considered because they reinforced the presumption of bad faith, but their absence here does nothing to aid Hawkins in her duty to show a lack of bad faith, which is the proper inquiry. Id. at 478.

5

Hawkins' case tacks closely to White, and, for that reason, judicial estoppel applies. In fact, Hawkins is even more culpable than the White plaintiff. That plaintiff "offered three pieces of evidence to show that she had not [acted in bad faith]: an affidavit from her bankruptcy attorney, an application to employ counsel that she had filed in the bankruptcy court, and an amendment to her bankruptcy filings to add the omitted claim," and still she failed to make the required showing. Id. at 273. Hawkins cannot even show this much.

She claims that she told her bankruptcy attorney about this lawsuit, see Pl. Resp. at 19, but she offers no affidavit from her bankruptcy attorney to that effect, let alone one that has the evidentiary substance required by White. Hawkins personally executed an affidavit, but it merely claims that she told her bankruptcy attorney about this lawsuit and that, upon personally reviewing the petition, she "did not realize" that the lawsuit was left off the petition. See Corrected Ex. 9 to Pl. Resp. at 2-3 (Dkt. 27). These are exactly the excuses that the White court found unconvincing. See White, 617 F.3d at 483-484 (attorney's purported mistake, compounded by plaintiff's purported mistake when reviewing and signing inaccurate petition, was insufficient to show absence of bad faith); see also Kimberlin v. Dollar Gen. Corp., 520 F. App'x 312, 315 (6th Cir. 2013) (disregarding plaintiff-debtor's sworn statement of good faith because "'the absence of bad faith' inquiry focuses on affirmative actions taken by the debtor to notify the trustee or bankruptcy court of an omitted claim" (citing Stephenson, 700 F.3d at 274)). An affidavit alleging unintentional omission "pales in comparison to the evidence of good faith presented in Stephenson." Kimberlin, 520 F. App'x at 315. Furthermore, Hawkins has offered nothing resembling the White plaintiff's application to employ counsel. And, as in White (and contrasting with Stephenson), Hawkins did not attempt to correct the record in the bankruptcy court until after MDOC's motion for summary judgment.

Together, Hawkins' actions "indicate[ ] an intent to hide her harassment claim." Stephenson, 700 F.3d at 275. Hawkins has failed to carry her burden to show an absence of bad faith. Judicial estoppel, therefore, binds Hawkins to her earlier assertion that the instant lawsuit does not exist, and summary judgment is appropriate.

### B. Motion to Compel Discovery

On April 7, 2016, MDOC filed a motion to compel Hawkins to produce certain documentation (Dkt. 32). In light of the above disposition, which grants summary judgment to MDOC on all claims against it, further discovery is unnecessary. Accordingly, the motion to compel discovery is denied as moot.

### III. CONCLUSION

For the reasons set forth above, Hawkins is judicially estopped from asserting her Title VII claims, and MDOC's motion for summary judgment (Dkt. 24) is granted. Accordingly, further discovery is unnecessary, and MDOC's motion to compel (Dkt. 32) is denied as moot.

The complaint is dismissed with prejudice. A separate judgment will enter.

SO ORDERED.

Dated: June 13, 2016  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 13, 2016.

s/Karri Sandusky
Case Manager